[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14703

_____

D. C. Docket No. 0:07-cv-61542-UU

JOSEPH C. HUBBARD,
individually and on behalf of all others
similarly situated, et al.,

Plaintiffs,

LABATON SUCHAROW LLP,
KESSLER TOPAZ MELTZER & CHECK LLP,

Interested Party-Appellees-
Cross-Appellants,

versus

BANKATLANTIC BANCORP, INC.,
JAMES A. WHITE,
VALERIE C. TOALSON,
JARETT S. LEVAN,
ALAN B. LEVAN,
JOHN E. ABDO,

Defendants-Appellants-
Cross-Appellees.

———————

Appeals from the United States District Court
for the Southern District of Florida

———————

(December 3, 2012)

Before DUBINA, Chief Judge, PRYOR and HILL, Circuit Judges.

PER CURIAM:

This is a security fraud class action filed by Appellees State-Boston (Lead Plaintiff) and other class members (collectively "Appellees/Cross-Appellants" or "State-Boston") against Appellants BankAtlantic Bancorp, Inc. and five senior officers and/or chairmen of the company, James White, Valerie Toalson, Jarett Levan, Alan Levan, and John Abdo (collectively "Appellants" or "Bancorp"). After granting judgment as a matter of law in favor of Appellants,[1] the district court granted in part and denied in part Appellants' motion for Rule 11 sanctions as to allegations and claims contained in Appellees' complaint and amended complaint. Appellants challenge the denial of sanctions as to certain claims, and Appellees cross appeal the grant of sanctions as to the remaining claim.

The issues on appeal are:

———————

[1] This judgment was affirmed by the Eleventh Circuit on July 23, 2012. *See Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012).

2

1.  Whether the district court abused its discretion in denying Bancorp's motion for Rule 11 sanctions as to State-Boston's confidential witness allegations?

2.  Whether the district court abused its discretion in denying Bancorp's motion for sanctions as to State-Boston's claims of insider trading, accounting fraud, and manipulated loan loss reserves?

3.  Whether the district court abused its discretion in denying Bancorp's motion for sanctions as to State-Boston's claim of damages caused by securities fraud where State-Boston's expert, Candace Preston, did not attempt to disaggregate the effect of other negative non-fraudulent information from the stock price decline on October 26, 2007?

The issue presented on the cross-appeal is:

1. Whether the district court abused its discretion in granting Bancorp's motion for sanctions as to allegations made by State-Boston's third confidential witness, Donna Loverin?

"We review a district court's Rule 11 determinations for an abuse of discretion." *CNA Fin. Corp. v. Brown*, 162 F.3d 1334, 1338 (11th Cir. 1998).  "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461, 110 L. Ed. 2d 359 (1990).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we first conclude that the district court did not abuse its discretion when it rejected sanctions on all grounds raised by Bancorp's appeal. We conclude that Bancorp did not meet the high burden of showing that the district court abused its discretion in finding that the allegations attributed to the confidential witnesses were not sanctionable, that State-Boston's claims for insider trading, accounting fraud, and loss reserves were not sanctionable, and that State-Boston's claims for damages were not sanctionable. Likewise, on the cross-appeal, we conclude from the record that State-Boston did not meet the high burden of showing that the district court abused its discretion in finding that the allegations related to CW3 Loverin were sanctionable.

In conclusion, because we find no merit to any of the arguments made on the appeal or cross-appeal, we affirm the district court's judgment in all respects.

**AFFIRMED.**